UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**MILLER PHARMACY SERVICES L L C**            **CASE NO. 3:22-CV-02424**

**VERSUS**            **JUDGE TERRY A. DOUGHTY**

**U S DRUG ENFORCEMENT**            **MAG. JUDGE KAYLA D. MCCLUSKY**
**ADMINISTRATION ET AL**

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 3] filed by Miller Pharmacy Services, LLC ("Miller"). An Opposition [Doc. No.15] was filed by the United States Drug Enforcement Administration ("DEA"), and a Reply [Doc. No. 16] was filed by Miller on August 15, 2022.

For the reasons set forth herein, Miller's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 3] is DENIED.

**I.    BACKGROUND**

Miller is a pharmacy located in Ruston, Louisiana. On June 28, 2022, the DEA issued an Order to Show Cause and Immediate Suspension of Registration ("ISO")[1] of Miller's Certificate of Registration ("COR"). The COR provides the legal authority by which a Pharmacy can dispense controlled substances. Miller alleges the DEA has overstepped its authority, seeking a temporary restraining order and/or a preliminary injunction enjoining the DEA's suspension of Miller's COR. Miller has requested an administrative hearing, which is set for August 30, 2022.[2]

The DEA opposes Miller's motion, arguing Miller cannot show a likelihood of success on the merits or irreparable injury.

---

[1] [Doc. No. 1-1]
[2] [Doc. No. 1]

## II. LAW AND ANALYSIS

To prevail on a temporary restraining order and/or preliminary injunction, a movant must demonstrate: (1) that it has a substantial likelihood of success on the merits; (2) that it would suffer irreparable injury; (3) that the balance of equities tips in movant's favor; and (4) that an injunction is in the public interest.[3] A temporary restraining order and/or preliminary injunction are extraordinary and drastic remedies that should not be granted unless the movant, by a clear showing, carries the burden of persuasion on all four requirements.[4]

Additionally, in reviewing a DEA determination that Miller's continued registration constitutes an imminent danger to public health and safety, the Court must apply the arbitrary and capricious standard of the Administrative Procedures Act.[5] Absent a finding that a decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law, plaintiff cannot show a likelihood of success on the merits.[6]

Arbitrary and capricious review focuses on whether an agency articulated a rational connection between the facts found and the decision made.[7] After reviewing the Immediate Suspension,[8] submitted by DEA, DEA had a valid basis to make a determination that Miller's continued operation and dispensation posed an imminent danger to the public health or safety. Because the finding is not arbitrary and capricious, Miller is unable to show a substantial likelihood of success on the merits.

In the ISO, the DEA Administrator made specific findings of: (a) "cocktail" and combination dispensing by Miller; (b) instances of pattern prescribing of drugs filled by Miller'

---

[3] *Prudential Mortg. Cap. Co., LLC v. Faidi*, 444 Fed. Appx. 732, 737 (5th Cir. 2011)
[4] *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)
[5] 5 U.S.C. § 701, et seq; *Cardinal Health, Inc. v. Holder* 846 F. Supp. 2d 203, 214 (D.D.C. 2012)
[6] *United Prescription Serv. Inc. v. Gonzalez*, 2007 WL 1526654 (M.D. Fla. May 23, 2007); *Medical Pharmacy, Inc. v. United States Drug Enforcement Adm.*, 2020 WL 8679978 at 2 (M.D. La., July 3, 2020)
[7] *Exxon Mobile Pipeline Co. v. U.S. Dep't. of Transp.* 867 F.3d 564, 571 (5th Cir. 2017)
[8] [Doc. No. 15-1]

(c) long distances traveled by Miller's customers; (d) therapeutic duplication; and (e) use of multiple payment methods by Miller. These factors comport with district court decisions addressing a standard of review for a DEA ISO.[9]

Although Miller contests these findings, Miller is unable to show the DEA findings were arbitrary and capricious at this stage of the proceedings. Because Miller is unable to show a substantial likelihood of success on the merits, there is no need to examine the other three factors.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 3] is **DENIED.**

**MONROE, LOUISIANA**, this 16th day of August 2022.

　　　　　　　　　　　　　　　　　　**TERRY A. DOUGHTY**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[9] *Cardinal Health*, at 214